```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No.  78-CR-236(BAH) |
| ) | Chief Judge Howell |
| ELDRIDGE DAYNE,   ) | |
|     Acquittee.   ) | |

## PETITION FOR CONDITIONAL RELEASE

Comes now Eldridge Dayne, through undersigned counsel, and, pursuant to 24 D.C. Code S.501(k), respectfully moves this Honorable Court to release him from his existing commitment to Saint Elizabeths Hospital under the conditions set forth below or under other conditions as may be appropriate based on the record.

In support of this request, Mr. Dayne respectfully states the following:

1. He has sufficiently recovered his sanity that he will not in the reasonable future be dangerous to himself or others due to mental illness if released in the following manner:

    (a) Mr. Dayne shall be allowed to reside independently in the community, in an apartment for senior citizens.

2. This petition is not a "second or successive" petition filed over the previous six months within the meaning of 24 D.C. Code S501(k)(5);

3. This petition and the files and records of this case do not conclusively show that Mr. Dayne is entitled to no relief within the meaning of 24 D.C. Code S501(k)(3);

Wherefore, for the foregoing reasons, Mr. Dayne respectfully asks that this Honorable Court hold a hearing on this petition, cause notice thereof to issue to the Office of the United States Attorney, make findings of fact and conclusions of law, and then grant this petition or other relief which is just and reasonable.

        Respectfully submitted,

        J. Patrick Anthony, #388566
        Counsel for Mr. Dayne
        P.O. Box 11255
        Takoma Park, Maryland  20913
        (301) 588-4221

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
UNITED STATES OF AMERICA      )
                              )   Criminal No. 78-CR-236(BAH)
                              )
v.                            )
                              )   Chief Judge Howell
                              )
ELDRIGE DAYNE,                )
     Acquittee.               )
_____
```

**MEMORANDUM OF POINTS OF AUTHORITIES
IN SUPPORT OF PETITION FOR CONDITIONAL RELEASE**

I. <u>The Petition For Release Is Proper And A Prompt Hearing Should Be Held</u>

Acquittee, Eldridge Dayne, committed pursuant to 24 D.C. Code §501(d), may request his release from commitment pursuant to 24 D.C. Code §501(k). As subsection 501(k)(7) makes evident, the request for release by petition is supplemental to the request for release by habeas corpus.

Since there is no conclusive showing in the files and records of the case that Mr. Dayne is entitled to no relief, notice should issue to the United States Attorney and a prompt hearing must be granted pursuant to 24 D.C. Code §501(k)(3).

II. <u>Petitioner Is Entitled To Conditional Release</u>

The standard governing conditional release under 24 D.C.

Code §501 is set forth in Hough v. United States:

> (T)he Court must conclude that the individual has recovered sufficiently so that under the proposed conditions -- or under conditions which the statute empowers the court to impose 'as (it) shall see fit'-- such person will not, in the reasonable future be dangerous to himself or others. 106 U.S. App. D.C. 192, 271 F.2d 458, 461 (1959).

By definition, a conditional release order is proper even though there is showing that the acquittee, if unconditionally released, would pose some risk to the community. Conditional release provides a vehicle for the Court to monitor a gradual reassimilation of the individual into the community while at the same time protecting the public from unreasonable risk.

> Whatever the method of treatment applied the ultimate goal of therapy for persons involuntarily hospitalized must be to shore up their capacity to function satisfactorily in the unrestricted environment of the outside world. It appears that this goal is unlikely to be achieved if the patient has little or no opportunity for controlled experiments with freedom. Covington v. Harris, 136 U.S. App. D.C. 35, 43-44, 419 F.2d 617 (1969).
>
> As we have constructed the conditional release provision of D.C. Code §24-301(e), complete recovery is not required. Indeed, for some patients conditional release may be an important and essential part of "recovery". U.S. v. Ecker, 156 U.S. App. D.C. 233, 226 (fn. 9), 479 F.2d 1206 (1973).

"The purpose of involuntary hospitalization is treatment, not punishment." Rouse v. Cameron, 125 U.S. App. D.C. 366, 373 F.2d 451 (1967). The treatment must therefore be suitable

treatment in the least restrictive setting consistent with the patient's needs and those of the public:

> (One) who, by reason of insanity is acquitted of a crime and ... is committed to a mental hospital is entitled not only to treatment, but to treatment in the 'least restrictive alternative' consistent with the legitimate purposes of commitment. <u>Ashe v. Robinson</u>, 146 U.S. App. D.C. 220, 222, 450 F.2d 781, 783 (1971).

Mr. Dayne submits that release under the conditions proposed in his petition would foster a gradual return to the community which would permit the hospital to exercise sufficient supervision to protect the community from unreasonable risk.

## CONCLUSION

For the above reasons, Mr. Dayne respectfully submits that the sound exercise of the Court's discretion would provide for an order of conditional release under the proposed conditions or other conditions deemed proper by the Court.

                                        Respectfully submitted,

                                        J. Patrick Anthony, # 388566
                                        Counsel for Mr. Dayne
                                        P.O. Box 11255
                                        Takoma Park, Maryland  20913
                                        (301) 588-4221